UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          JS - 6

| Case No. | CV 13-1658 ABC (DTBx) | Date | April 9, 2013 |
|---|---|---|---|
| Title | Jane Doe v. County of Los Angeles et al | | |

Present: The Honorable   Audrey B. Collins, District Judge

| Angela Bridges | None Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:           Attorneys Present for Defendant:

None Present                                        None Present

**Proceedings:**     ORDER REMANDING CASE TO STATE COURT
(In Chambers)

Defendants County of Los Angeles and Los Angeles County Sheriff's Department ("County Defendants") filed their Notice of Removal removing this action from state court on March 8, 2013. As of the date of this order, defendant Kenneth Alexander has not joined in or consented to the removal.

Under 28 U.S.C. § 1446(b)(2)(A), all defendants must join in a removal in order for that removal to be proper. 28 U.S.C.§ 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize v. Matrix, 167 F.3d 1261, 1266 (9th Cir. 1999) (superceded by statute on other grounds). In the absence of an explanation, a "removal notice is defective," and if that "[defect is] uncured within the thirty-day statutory period," removal is improper. Id.

In their Removal Notice, the County Defendants explain that they were "exempt from the requirement that all defendants join in the notice of removal" because Alexander had not been served with the Complaint. Notice of Removal ¶ 3. This assertion is incorrect, however, because the record reflects that Alexander was served with the Complaint and Summons on February 10, 2013. As such, Alexander's non-joinder in removal remains unexplained and the Notice of Removal is defective. See Cont'l Ins. Co. v. Foss Mar. Co., C 02-3936 MJJ, 2002 WL 31414315 (N.D. Cal. Oct. 23, 2002) (where explanation for failing to join all defendants was invalid, the failure to join was unexplained and the removal notice was defective; case remanded).

//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS - 6

| Case No. | CV 13-1658 ABC (DTBx) | Date | April 9, 2013 |
|---|---|---|---|
| Title | Jane Doe v. County of Los Angeles et al | | |

    In their Reply, County Defendants state that at the time of removal, they were not aware that Alexander had been served, and that they did not learn this fact until March 8, 2013, after the removal was filed.  See Reply 6:25-28.  However, insofar as County Defendants may have had a thirty-day statutory period from the time of removal to cure this defect, that period lapsed on April 8.  As such, the defect in the Notice of Removal has not been cured and removal is improper.  The Court therefore **REMANDS** this case from the state court from which is was removed.

    **IT IS SO ORDERED.**

                                                                                                                             :

Initials of Preparer     AB